**YE BEN HE, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–5480–AG.**

United States Court of Appeals,
Second Circuit.

Oct. 26, 2006.

Liu Yu, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Peter W. Gaeta, Assistant United States Attorney, Newark, NJ, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Present: JOSÉ A. CABRANES, ROSEMARY S. POOLER and SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Petitioner Ye Ben He, a native and citizen of China, seeks review of a September 29, 2005 order of the BIA affirming the May 24, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum and withholding of removal. *In re Ye Ben He,* No. A 95 862 527 (BIA September 29, 2005), *af'g* No. A 95 862 527 (Immig. Ct. N.Y. City May 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In this case, the IJ found He's testimony incredible because of the following inconsistencies between his testimony and his asylum application, which he failed adequately to explain: (1) He testified that he worked for Shandong Yantai Jinma Indus-

mer Attorney General John Ashcroft as the respondent in this case.

trial Co. Ltd ("Shandong") in the United States until January 1999, yet in his asylum application He indicated that his employment with Shandong terminated in August 1998, the same time he entered the United States; (2) He claimed that the Chinese authorities became aware of his religious activities because his wife confessed to police that she received religious materials from He in the United States, yet in his application He stated that the authorities became aware of his religious activities after a search of his home revealed religious materials he had sent from the United States; and (3) He testified that the police had visited his house, questioned his family, and issued a warrant for his arrest, but he never supplemented his original asylum application to include the fact that the police in China were seeking to arrest him. When asked why he failed to supplement his application, He was unresponsive and evasive. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding.[2] *Zhou Yun Zhang,* 386 F.3d at 74.

The IJ did not err in basing his adverse credibility determination in part on He's failure to provide corroborative evidence in support of his claim, specifically any evidence that the police in China are seeking to arrest him. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (stating that while "it is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence[,][t]he presence or absence of corroboration may properly be considered in determining credibility" (emphasis added)).

He has not meaningfully challenged the IJ's denial of his withholding of removal

claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.

---

**2.** We give no consideration to the additional discussion in the BIA's opinion regarding He's references to the "Falun" church. That discussion could be construed as prohibited additional factfinding on appeal. *See* 8 C.F.R. § 1003. 1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.").